IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SKUID, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No._____ |
| | ) |
| AUTODESK, INC. | ) JURY TRIAL REQUESTED |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION, COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION, AND CYBERSQUATTING**

Plaintiff, Skuid, Inc. ("**Plaintiff**"), for its complaint against Defendant Autodesk, Inc. ("**Defendant**"), hereby states as follows:

**PARTIES**

1. Plaintiff Skuid, Inc. is a Delaware corporation with a business address at 605 Chestnut Street, Suite700, Chattanooga, Tennessee 37450.

2. Upon information and belief, Defendant, Autodesk, Inc. is a Delaware corporation with business addresses at 111 McInnis Parkway, San Rafael, California 94903.

3. Defendant can be served through Defendant's registered agent, National Registered Agents, Inc., 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710

**JURISDICTION AND VENUE**

4. This is an action for infringement of trademark and service mark rights embodied in federally registered trademarks and service marks, federal unfair competition, and for infringement and unfair competition with respect to trademarks and service marks under the

1

common law, all in violation of at least the United States Trademark Act of 1946, the Lanham Act, 15 USC § 1051, <u>et. seq.</u> and/or the common law.

5. This Court has jurisdiction of the subject matter pursuant to its powers under 15 USC §1121, 28 USC §1338(a), and 28 USC § 1338(b).

6. Venue is proper in this district pursuant to 28 USC § 1391.

## NATURE OF THE ACTION

7. Plaintiff is in the business providing software application development tools, namely, computer software development tools, and computer software for application interface design, development, deployment and management.

8. In June 2012, Plaintiff's predecessor, Skoodat, LLC began using the mark SKUID in connection with marketing software application development tools it developed and marketed under the name "Skuid".

9. On or about October 24, 2012, Skoodat, LLC filed articles of organization for Skuidify LLC, a Tennessee limited liability company, to market and sell the Skuid product and licensed the mark SKUID for Skuidify's exclusive use.

10. As the notoriety and success of the Skuid products and the mark SKUID grew, Skuidify LLC found it necessary to reorganize as a Delaware corporation under the name Skuid, Inc. on or about February 8, 2016.

11. Skuid, Inc. continued the use of the mark SKUID pursuant to the exclusive license from Skoodat, LLC until February 8, 2016, when Skoodat, LLC assigned the mark outright to Skuid, Inc.

12. Plaintiff and Plaintiff's predecessors have had exclusive rights and owned and used and continue to use the mark SKUID for and in connection with Plaintiff's Products and Services.

13. Over the years, Plaintiff's products and services have been very successful on a national and international scale. Plaintiff advertises its Products and Services to consumers in interstate commerce under its SKUID Mark throughout the country, including by way of its website located at: *http://www.skuid.com*.

14. Plaintiff has more than five million (5,000,000) active users across five hundred and sixty (560) different companies in more than twenty (20) countries.

15. Plaintiff's SKUID Mark has become symbolic of valuable goodwill and consumer recognition built up by Plaintiff through use, sales, advertising, and promotional efforts under the mark over several years.

16. In addition to common law trademark and other rights pertaining to its SKUID Mark, Plaintiff has federally registered its SKUID Mark, in a variety of formats, on the Principal Register of the United States Patent and Trademark Office, including at least the registrations tabulated below (collectively the "Skuid Registrations" or "Plaintiff's Registrations"):

| MARK  | REG. NO.  | GOODS/SERVICES | ISSUE DATE |
|-------|-----------|----------------|------------|
| SKUID | 4,446,363 | Software application development tools, namely, computer software development tools and computer software for application interface design, development, deployment and management in class 9 (U.S. CLS. 21, 23, 26, 36 and 38) | December 10, 2013 |
| MARK  | APP. NO.  | GOODS/SERVICES | FILING DATE |
| SKUID | 86862164  | Software application development tools, namely, computer software development tools and computer software for application interface design, development, deployment | December 30, 2015 |

3

| | | and management in class 9 (U.S. CLS. 21, 23, 26, 36 and 38) | |

17. A copy of the certificate of registration for the aforementioned Skuid Registration is attached as **Exhibit A**.

18. The rights of Plaintiff to exclusively use the SKUID Mark in commerce have become and are now incontestable for the Products and Services identified therein in accordance with 15 USC §1065, with the effect under 15 USC §1115(b) that the validity of the SKUID Mark, the sole and exclusive ownership by Plaintiff of the SKUID Mark and the right of Plaintiff to exclusively use the SKUID Mark in commerce for the Products and Services set forth in the Skuid Registrations are all conclusively established under law.

19. The Skuid Registration is valid, unrevoked, uncancelled, and subsisting; and all rights associated therewith are not abandoned.

20. Defendant is an American multinational software corporation that designs, produces, markets and sells software products for the architecture, engineering, construction, manufacturing, media, and entertainment industries.

21. Defendant recently began advertising and promoting a "user interface" under the name "Skuid" in various locations on its website as shown on **Exhibit B** attached hereto and incorporated by reference. Defendant is also presenting its "Skuid" tool at software and computing conferences.

22. Prior to Defendant's use of SKUID name and mark for and in connection with Defendant's Services and prior to Defendant's acquisition of Defendant's Infringing Domain, Plaintiff first used and has made substantially continuous and exclusive use of the SKUID Mark in commerce for and in connection with Plaintiff's Products and Services.

4

23. Defendant's use of the SKUID name and mark for and in connection with Defendant's Services is likely to cause actual confusion among consumers, the trade in general, and the public at large as to the source of Defendant's Services in relation to the source of Plaintiff's Products and Services offered under the SKUID Mark.

24. At the time Defendant commenced use of the name and mark SKUID and at the time Defendant acquired Defendant's Infringing Domain, Defendant was on constructive and/or actual notice of Plaintiff's use of the SKUID Mark for Plaintiff's Products and Services and of Plaintiff's Registrations for the SKUID Mark, and therefore Defendant did willfully infringe upon the SKUID Mark, and continues to do so.

25. On or about May 25, 2016, Plaintiff sent a cease and desist letter to Defendant advising Defendant of Defendant's infringement of Plaintiff's registered trademark and demanding that Defendant cease all use of the SKUID Mark, a copy of which is attached hereto as **Exhibit C**. Defendant has refused to cease its unauthorized use of the SKUID Mark.

26. Defendant has not obtained a license, consent or acquiescence from Plaintiff to use any name or trademark.

## COUNT I

## INFRINGEMENT OF FEDERALLY REGISTERED MARKS

27. Plaintiff restates the allegations of the foregoing paragraphs as if fully set forth herein, and for Count I states as follows:

28. Defendant's use of the SKUID name and mark as alleged herein and otherwise is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the source of Defendant's Services vis-à-vis the source of Plaintiff's Products and Services provided under the SKUID Mark of Plaintiff's Registrations, in violation of 15 U.S.C. § 1114.

29. Use of the SKUID name and mark by Defendant was and is being undertaken by Defendant with knowledge of superior rights in the SKUID Mark by Plaintiff, and with the apparent deliberate intent to infringe upon the rights of Plaintiff therein and to unlawfully divert trade, goodwill and revenue from Plaintiff, whereby Defendant has been and is being unjustly enriched with revenue and other benefits proximately caused by and/or resulting from its unlawful acts as alleged herein.

30. Upon information and belief and based upon Defendant's own assertions, Defendant will continue to advertise Defendant's Services using the SKUID name and mark in violation of the rights of Plaintiff under federal law unless and until enjoined by this Court.

31. The acts of Defendant alleged in this Count I have caused and will continue to cause substantial and irreparable harm, damage and injury to Plaintiff for which Plaintiff has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT II

### FEDERAL UNFAIR COMPETITION AND RELATEDS VIOLATIONS

32. Plaintiff restates the allegations of the foregoing paragraphs as if fully set forth herein, and for Count II states as follows:

33. The mark and name SKUID used by Defendant is confusingly similar to the SKUID Mark and is used for the same or closely related services for which the SKUID Mark has previously been used and continues to be used in commerce by Plaintiff; and use by Defendant in commerce of the SKUID name and mark for and in connection with Defendant's Services as alleged herein is likely to cause confusion, mistake, and/or deception in violation of 15 USC § 1125(a).

34. Use by Defendant of the SKUID name and mark for and in connection with Defendant's Services falsely represents or suggests to the consumer and to the trade in general that the services advertised by Defendant are provided, distributed or sold under or with the permission of or authorization from the source of services provided, distributed, or sold under Plaintiff's SKUID mark and/or that Defendant's Services have been provided in compliance with the quality standards maintained by Plaintiff for Products and Services offered and sold under the SKUID Mark, in further violation of 15 USC § 1125(a).

35. The uses by Defendant of the SKUID name and mark as alleged herein constitute false designation of origin in violation of 15 USC § 1125(a).

36. Defendant, by its use of the SKUID name and mark, falsely represents to and deceives the purchasing public and the trade in general as to the origin or source of the Services offered, provided, and/or sold in interstate commerce by Defendant under the SKUID name and mark so as to cause members of the purchasing public and the trade in general to believe that Defendant has been authorized by, sponsored by, or approved by the source of Services provided under Plaintiff's SKUID Mark and/or to falsely believe that Defendant's Services emanate from the same source as Plaintiff's Services sold or provided under the SKUID Mark.

37. Use of the SKUID name and mark by Defendant was and is being undertaken by Defendant with knowledge of superior rights in the SKUID Mark by Plaintiff, and with the deliberate intent to infringe upon the rights of Plaintiff therein and to unlawfully divert trade, goodwill, and revenue from Plaintiff, whereby Defendant has been and is being unjustly enriched with revenue and other benefits proximately caused by and/or resulting from its unlawful acts as alleged herein.

38. The acts of Defendant alleged in this Count II have caused and will continue to cause substantial and irreparable harm, damage and injury to Plaintiff for which Plaintiff has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT III

## FEDERAL CYBERSQUATTING

39. Plaintiff reasserts the allegations in the foregoing paragraphs as if fully set forth herein, and states for Count III as follows:

40. Acquisition, ownership, and use by or under control of Defendant of Defendant's Infringing Domain on the Internet for and in connection with its Services was done and is being done willfully with a bad faith intent to profit unlawfully from inclusion of the SKUID Mark in such domain names and to promote, market, and sell Services of the Defendant in violation of 15 U.S.C. § 1125(d)(1).

41. The acts of Defendant alleged in this Count III have caused and will continue to cause substantial and irreparable harm, damage, injury and confusion, as is evident on **Exhibit D**, showing Defendant's Infringing Domain as the 7th result of a *Google* search conducted on July 15, 2016. Plaintiff has no fully adequate remedy at law and will continue incurring damage unless and until enjoined and restrained by this Court.

## COUNT IV

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

42. Plaintiff reasserts the allegations in the foregoing paragraphs as if fully set forth herein, and states for Count IV as follows:

43. Defendant's actions as alleged herein constitute unfair competition and trade piracy in violation of the common law and have been undertaken in order to cause confusion and deception among the purchasing public and the trade in general, to allow Defendant to unjustly benefit from the goodwill and value built up by Plaintiff over many years of use and extensive investment in advertising and promotion of the SKUID Mark, and to unlawfully divert trade, goodwill, and revenue from Plaintiff.

44. Defendant's acts alleged herein have and/or are likely to engender a false belief in the mind of the public and trade in general that Defendant is affiliated with, sponsored by, or associated with the source of Plaintiff's Services marketed and sold under the SKUID Mark.

45. By reason of the foregoing, Defendant has engaged in acts of trademark infringement and unfair competition in violation of the common law and, on information and belief based upon Defendant's own statements, Defendant will continue to engage in such acts, inflicting irreparable harm and damage to Plaintiff for which Plaintiff has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

**WHEREFORE**, Plaintiff requests at least the following relief:

a. A preliminary and permanent injunction and such other and further relief as is available under 15 U.S.C. § 1116 to prevent any further violation of Plaintiff's rights under 15 U.S.C. §1114 in the federally registered SKUID Mark.

b. A preliminary and permanent injunction and such other and further relief as is provided for under 15 U.S.C. § 1116 to prohibit any further violation of Plaintiff's rights in the SKUID Mark under 15 U.S.C. §1125(a), and prohibiting Defendant from unfairly competing with Plaintiff through the use of spurious designations substantially identical with or confusingly similar to the previously used SKUID Mark.

c. A preliminary and permanent injunction and such other and further relief as is provided for under 15 U.S.C. §1125(d) to prohibit any further violations of Plaintiff's rights in and to the SKUID Mark including prohibiting Defendant from making use of any domain name containing the SKUID Mark alone or in combination with any other words.

d. That the Court enjoin Defendant and all of its employees, owners, officers, agents, attorneys, affiliates, all persons or entities in privity with Defendant including, but not limited to, any person or entity associated with the registry or maintenance of the Defendant's Infringing Domain and Defendant's Other Websites, and all those who receive notice therefore, from and against any and all further use of the SKUID Mark alone or in combination with any other words for or in connection with the Defendant's Services, or any related goods or services including, but not limited to, any use therefore on the Internet, as a domain name on the Internet, in any metatags, or any other print or electronic media.

e. An accounting and recovery under 15 USC § 1117(a) of Defendant's profits and Plaintiff's damages resulting from violation of Plaintiff's rights in the SKUID Mark of Plaintiff's Registrations.

f. Trebling of the profits or damages, whichever is greater, together with a reasonable attorney's fee and expenses and prejudgment interest, under 15 USC § 1117(a) and (b), due to the deliberate and willful misuse by Defendant of the federally registered and previously used SKUID Mark.

g. An award under 15 USC § 1117 to Plaintiff of its costs in this action and reasonable attorney's fees and expenses due to the deliberate and willful nature of Defendant's infringement and other violations of rights of Plaintiff under law.

h. An order declaring that Defendant is required to abandon Defendant's Infringing Domain and any other domain name including the SKUID Mark.

i. That all goods, labels, signs, prints, packages, wrappers, catalogs and advertising literature in the possession or control of Defendant bearing any of SKUID mark or any mark confusingly similar thereto be delivered up to an officer of the Court for destruction pursuant to 15 USC § 1118.

j. An award of Plaintiff's costs in this action and reasonable attorney's fees and expenses in bringing this action.

k. Such other, further, and additional relief as this Court may deem reasonable and just.

Plaintiff demands a jury to try the issues joined.

Respectfully submitted,
By: s/James A. Hurst, Jr
James A. Hurst, Jr., TN BPR #019110
Philip M. Meyer, TN BPR#029507
HURST & CROMIE PLLC
832 Georgia Avenue, Suite 510
Phone: (423) 760-4825
Fax: (423) 760-4830
jhurst@hurstcromie.com
pmeyer@hurstcromie.com
ATTORNEYS FOR PLAINTIFF